IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| AMINATA TOURE | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CAUSE NO. 1:23-cv-00034 |
| | § | (Travis County Cause No.: D-1-GN-006727) |
| LOWE'S HOME CENTERS, LLC | § | |
| AND LOWE'S COMPANIES, INC. | § | |
| *Defendants.* | § | |

## NOTICE OF REMOVAL

TO THE HONORABLE JUDGE OF THIS COURT:

Defendant, Lowe's Home Centers, LLC, (herein after "Defendant" or "Lowe's Home Centers") by counsel, hereby removes this action from Travis County District Court, in Austin, Texas, to the United States District Court for the Western District of Texas pursuant to §§ 1332, 1441, and 1446 of Title 28 of the United States Code.

### I.    NATURE OF REMOVED ACTION

1.    Plaintiff, Aminata Toure, commenced this action on or about November 21, 2022, by filing her complaint in the 419th Judicial District of Travis County, Texas, Civil Action D-1-GN-22-006727. Defendant Lowe's Home Centers was served with the Complaint on December 13, 2022.

2.    Plaintiff alleges that on or about April 7, 2022, she was injured when a Lowe's employee hit her parked vehicle with a forklift in the parking lot of a Lowe's store located at 8000 Shoal Creek Blvd., Austin, Texas 78757.

3.      Plaintiff asserts claims of negligence, negligence per se, *res ipsa loquitor*, vicarious liability, premise liability, and gross negligence against Defendants Lowe's Home Centers and Lowe's Companies, Inc. (hereinafter "Lowe's Companies").

4.      Pursuant to 28 U.S.C. § 1446(a), all papers and matter filed in state court are attached hereto as **Exhibit A**, more specifically, as follows:

Exhibit A-1:   Plaintiff's Original Petition

Exhibit A-2:   Citation issued to Lowe's Home Centers, LLC

Exhibit A-3:   Citation issued to Lowe's Companies, Inc.

Exhibit A-4:   Defendant Lowe's Home Centers, LLC's Original Answer

Exhibit A-5:   Defendant Lowe's Companies, Inc.'s Original Answer

## II.    TIMELINESS OF REMOVAL

5.      This Notice of Removal is timely under 28 U.S.C. § 1446(b) because the same was filed within thirty (30) days after receipt of the initial pleading setting forth the claim for relief upon which the proceeding is based. Further, this Notice of Removal is filed within one year of the commencement of this action.

6.      A notice of Filing of Notice of Removal will be filed promptly with the Clerk of the District Court of Travis County, Texas.

7.      A copy of the Notice of Filing of Notice of Removal will also be served upon counsel for the Plaintiff, together with a copy of this Notice of Removal, contemporaneously with filing the same with the Clerk of the District Court of Travis County, Texas.

## III.    PROPRIETY OF VENUE

8.      Venue is proper in this District and Division under 28 U.S.C. § 1441(a) because the state court where the suit has been pending is located in this District and Division.

## IV.   BASIS OF REMOVAL

9.      Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between the parties. For purposes of diversity jurisdiction analysis, and as described below, Plaintiff is a citizen of Texas and Defendants Lowe's Home Centers and Lowe's Companies are citizens of North Carolina. There is complete diversity.

10.     Plaintiff is an individual who is a citizen and resident of Texas.

11.     For purposes of diversity jurisdiction, the citizenship of a limited liability company is determined by the citizenship of each of its members. *Greenwich Ins. Co. v. Capsco Indus., Inc.*, 934 F.3d 419, 422 (5th Cir. 2019). The individual members' citizenship is determined by a physical presence in a location and the intent to remain there, or at least the absence of any intention to go elsewhere. *Coury v. Prot*, 85 F.3d 244, 250 (5th Cir. 1996).

12.     A corporation is a citizen of "every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *MidCap Media Fin., LLC v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019). A corporation's principal place of business depends on a determination of the corporation's nerve center. *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010). This may be the corporation's headquarters, but it may also be located elsewhere. *Id.*

13.     Defendant Lowe's Home Centers is and was at the time of the filing of the complaint a foreign limited liability company whose sole member is a corporation which was incorporated and headquartered in North Carolina. Therefore, because Lowe's Home Centers' sole member is citizen of North Carolina, Lowe's Home Centers is a citizen of North Carolina.

14.     Lowe's Companies, Inc. is a corporation that is incorporated in the state of North Carolina. Lowe's Companies maintains its headquarters and principal place of business in North

Carolina. Therefore, Lowe's Companies is a citizen of North Carolina. Because the Plaintiff does not share citizenship of the same state as either Defendant, complete diversity is satisfied.

## V.    AMOUNT IN CONTROVERSY

15.    Next, the amount in controversy exceeds $75,000. In her petition, Plaintiff states that she "seeks monetary relief in excess of $1,000,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and judgment for all other relief to which Plaintiff is justly entitled." *See* **Exhibit A-1**, Pl. Orig. Pet., p. 7. Thus, the amount in controversy is sufficient to establish the diversity jurisdiction of this Court. *See* U.S.C. § 1446(c)(2).

16.    This Court has original jurisdiction over this civil action because there is complete diversity of citizenship between the parties, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332. Accordingly, this action is removable to this Court.

17.    Plaintiff demanded a jury in the state court suit.

## PRAYER

WHEREFORE, Defendant, Lowe's Home Centers, LLC submits that this matter is properly removed from the 419th District Court in Austin, Texas to this Court.

Respectfully submitted,

By: */s/ Jason Grill*
    Jason R. Grill
    *Attorney-in-Charge*
    State Bar No.: 24002185
    Jason.grill@steptoe-johnson.com
STEPTOE & JOHNSON PLLC
1780 Hughes Landing Boulevard, Suite 750
The Woodlands, Texas   77380
281.203.5700
281.203.5701 (facsimile)
*Attorneys for Defendant,*
*Lowe's Home Centers, LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 11th Day of January, 2023, a true and correct copy of the foregoing instrument has been forwarded to all parties listed below via e-service, first class mail, certified mail, return receipt requested, email and/or via facsimile:

Brian Y. Bernard                                    *Via E-service*
BERNARD & ASSOCIATES LAW FIRM
1203 Baylor
Austin, Texas 78703
attorneybernard@yahoo.com



/s/ *Jason Grill*
Jason R. Grill

# EXHIBIT A

# EXHIBIT A-1



**null / ALL**
**Transmittal Number: 26055487**
**Date Processed: 12/14/2022**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Heather McClow<br>Lowe's Companies, Inc.<br>1000 Lowes Blvd<br>Mooresville, NC 28117-8520 |

| | |
|---|---|
| **Entity:** | Lowe's Home Centers, LLC<br>Entity ID Number  2515365 |
| **Entity Served:** | Lowe's Home Centers, LLC |
| **Title of Action:** | Aminata Toure vs. Lowe's Home Centers, LLC |
| **Matter Name/ID:** | Aminata Toure vs. Lowe's Home Centers, LLC (13345223) |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Travis County District Court, TX |
| **Case/Reference No:** | D-1-GN-22-006727 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 12/13/2022 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Bernard & Associates Law Firm<br>512-478-5291 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

CITATION

THE STATE OF TEXAS

**CAUSE NO. D-1-GN-22-006727**

AMINATA TOURE

, PLAINTIFF(S)

vs.

LOWE'S HOME CENTERS, LLC AND  LOWE'S COMPANIES, INC

, DEFENDANT(S)

TO:    LOWE'S HOME CENTERS, LLC
       211 E 7TH ST STE 620
       AUSTIN TX  78701

Defendant, in the above styled and numbered cause:
**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer
with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty
days after you were served this citation and petition, a default judgment may be taken against you. In
addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other
parties of this suit. These disclosures generally must be made no later than 30 days after you file your
answer with the clerk. Find out more at TexasLawHelp.org."**

Attached is a copy of the **PLAINTIFFS ORIGINAL PETITION** in the above styled and numbered cause, which was
filed on  **November 21, 2022** in the **419th District Court** of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, **November 29, 2022**

REQUESTED BY:
**BERNARD, BRIAN YUSEF**
**1203 BAYLOR ST**
**AUSTIN, TX  78703-4123**

Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX  78701

PREPARED BY: **Victoria Benavides**

**R E T U R N**

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and executed at
_____ within the County of _____ on
the _____ day of _____, _____, at _____ o'clock ____M., by delivering to the within named
_____, each in person, a true copy of this citation
together with the **PLAINTIFFS ORIGINAL PETITION** accompanying pleading, having first attached such copy of
such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

Sworn to and subscribed before me this the

_____ day of _____, _____.

_____
Sheriff / Constable / Authorized Person

By:_____

_____
Printed Name of Server

_____
Notary Public, THE STATE OF TEXAS
D-1-GN-22-006727

_____ County, Texas

**SERVICE FEE NOT PAID**



**null / ALL**
**Transmittal Number: 26055494**
**Date Processed: 12/14/2022**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Heather McClow<br>Lowe's Companies, Inc.<br>1000 Lowes Blvd<br>Mooresville, NC 28117-8520 |

| | |
|---|---|
| **Entity:** | Lowe's Companies, Inc.<br>Entity ID Number  2515374 |
| **Entity Served:** | Lowe's Companies, Inc |
| **Title of Action:** | Aminata Toure vs. Lowe's Home Centers, LLC |
| **Matter Name/ID:** | Aminata Toure vs. Lowe's Home Centers, LLC (13345223) |
| **Document(s) Type:** | Citation/Petition |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Travis County District Court, TX |
| **Case/Reference No:** | D-1-GN-22-006727 |
| **Jurisdiction Served:** | Texas |
| **Date Served on CSC:** | 12/13/2022 |
| **Answer or Appearance Due:** | 10:00 am Monday next following the expiration of 20 days after service |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Bernard & Associates Law Firm<br>512-478-5291 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

*12/13/2022*

CITATION

THE STATE OF TEXAS

**CAUSE NO. D-1-GN-22-006727**

AMINATA TOURE

, PLAINTIFF(S)

vs.

LOWE'S HOME CENTERS, LLC AND  LOWE S COMPANIES, INC

, DEFENDANT(S)

TO:  **LOWE'S COMPANIES, INC**
**BY SERVING ITS REGISTERED AGENT**
**211 E 7TH ST STE 620**
**AUSTIN TX  78701**

Defendant, in the above styled and numbered cause:
**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."**

Attached is a copy of the **PLAINTIFFS ORIGINAL PETITION** in the above styled and numbered cause, which was filed on  **November 21, 2022** in the **419th District Court** of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, **November 29, 2022**

REQUESTED BY:
**BERNARD, BRIAN YUSEF**
**1203 BAYLOR ST**
**AUSTIN, TX  78703-4123**

Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX  78701

PREPARED BY: **Victoria Benavides**

**RETURN**

Came to hand on the _____ day of _____, _____ at _____ o'clock _____M., and executed at

_____ within the County of _____ _____ on

the _____ day of _____, _____, at _____ o'clock _____M., by delivering to the within named

_____, each in person, a true copy of this citation

together with the **PLAINTIFFS ORIGINAL PETITION** accompanying pleading, having first attached such copy of

such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

_____
Sheriff / Constable / Authorized Person

Sworn to and subscribed before me this the

By:_____

_____ day of _____, _____.

_____
Printed Name of Server

_____
Notary Public, THE STATE OF TEXAS
**D-1-GN-22-006727**

_____ County, Texas

**SERVICE FEE NOT PAID**

11/21/2022 12:16 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-22-006727
Victoria Benavides

D-1-GN-22-006727

## CAUSE NO. _____

| | | |
|---|---|---|
| **AMINATA TOURE** | § | **IN THE DISTRICT COURT** |
| **Plaintiff** | § | |
| | § | |
| **vs.** | § | 419TH, DISTRICT COURT |
| | § | |
| | § | **_____JUDICIAL DISTRICT** |
| **LOWE'S HOME CENTERS, LLC** | § | |
| *and* | § | |
| **LOWE'S COMPANIES, INC** | § | |
| *Defendants* | § | **TRAVIS COUNTY, TEXAS** |

## PLAINTIFF'S ORIGINAL PETITION

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, AMINATA TOURE, hereinafter called Plaintiff, complains of and about LOWE'S HOME CENTERS LLC and LOWE'S COMPANIES, INC. (hereinafter called, LOWE'S) and for cause of action show unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

1.  Pursuant to the Texas Rules of Civil Procedure, Plaintiff intends that the discovery be conducted under a Level 2 Discovery Control Plan.

### PARTIES AND SERVICE

2.  Plaintiff, AMINATA TOURE, is an individual who resides in Travis County, Texas.

3.  Defendant, LOWE'S HOME CENTERS, LLC is a corporation doing business in

1

Texas, and service of process on the Defendant may be effected pursuant to Article 2.11(A) of the Texas Business Corporation Act, or its successor statute, sections 5.201 and 5.255 of the Texas Business Organizations Code, by serving the registered agent of the corporation, at 211 E. 7th Street, Suite 620, Austin, Texas 78701, its registered office. Service of said Defendant as described above can be effected by personal delivery.

4.  Defendant, LOWE'S COMPANIES, INC., a corporation doing business in Texas, and service of process on the Defendant may be effected pursuant to Article 2.11(A) of the Texas Business Corporation Act, or its successor statute, sections 5.201 and 5.255 of the Texas Business Organizations Code, by serving the registered agent of the corporation, at 211 E. 7th Street, Suite 620, Austin, Texas 78701, its registered office. Service of said Defendant as described above can be effected by personal delivery.

## JURISDICTION AND VENUE

5.  This court has jurisdiction over the parties because Defendants, LOWE'S HOME CENTERS, LLC. and LOWE'S COMPANIES, INC. purposefully availed themselves of the privilege of conducting activities in the State of Texas and established minimum contacts sufficient to confer jurisdiction over said Defendants, and the assumption of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice and is consistent with the constitutional requirements of due process.

6.  Plaintiff would show that Defendants, LOWE'S HOME CENTERS, LLC. and LOWE'S COMPANIES, INC. had continuous and systematic contacts with the State of Texas sufficient to establish general jurisdiction over said Defendants.

2

7.  Plaintiff would also show that Plaintiff's causes of action arose from or relates to the contacts of Defendants to the State of Texas, thereby conferring specific jurisdiction with respect to said Defendants.

8.  This Court has jurisdiction and venue in Travis County pursuant to Tex. Civ. Prac. & Rem. Code §15.002(a)(l) and Tex. Ins. Code §1952.110 in that all or a substantial part of the events or omissions giving rise to the claim occurred in Travis County, Texas.

## MISNOMER/ALTER EGO

9.  In the event any parties are misnamed or are not included herein, it is Plaintiff's contention that such was a "misidentification," "misnomer" and/or such parties are/were "alter egos" of parties named herein. Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

## FACTS

10.  On April 7, 2022, Plaintiff was sitting in her vehicle in the parking lot of LOWE'S when an employee drove a forklift, suddenly and without warning, headfirst into her vehicle. She honked the horn to alert him, but he was not paying attention.  The pallets he was hauling were blocking his view. The forklift hit Plaintiff's vehicle on the front left of her car where she was sitting. As a result of this incident, Plaintiff sustained serious personal injuries for which she had to seek the care of medical professionals and has permanent disability.

## NEGLIGENCE

11.  At the time and on the occasion in question, Defendants, LOWE'S, managed, maintained, occupied, controlled, leased, operated, and/or owned the property located at 8000 Shoal Creek Blvd, Austin TX 78757.

12.  In setting up and maintaining the store, Defendants and its employees failed to use

3

ordinary care by various acts of omission and /or commission, including but not limited to the following, each of which singularly or in combination, was a proximate cause of the incident in question:

    A. Defendants failed to properly train their agents and/or employees on proper procedures and protocols while operating a forklift on Defendants' premises;

    B. Defendants failed to properly train their agents and/or employees on how not to create and/or how to eliminate dangerous conditions while working on Defendants' premises;

    C. Defendants failed to properly supervise their agents and/or employees on while actively driving heavy machinery on Defendants' premises.

    D. Defendants failed to give adequate warnings to Plaintiff of the unsafe and dangerous conditions.

    E. Defendants failed to provide proper safeguards and protection to prevent injury.

    F. Such negligence, either singularly or in combination, proximately caused Plaintiff's injuries and resulting damages.

13.   Nothing Plaintiff did or failed to do was a proximate or contributing cause of the incident made the basis of this suit.

## NEGLIGENCE PER SE

14.   Plaintiff would further show that the Defendants were in violation of the local, state, and federal laws as follows and other acts so deemed negligent:

    A. Violations of OSHA Texas Department of Labor Training Requirements and Standards: CFR 1926.20 (b)(1),(2), and (4);(f)(2);

    B. Violations of OSHA PIT Compliance: CFR 1910.178

    C. Violations of OSHA Regulations: CFR 1920.178 - Powered Industrial Trucks/Forklifts;

    D. Violations of the Texas Transportation Code, § 545.062;

    E. Violations of the Texas Transportation Code, § 545.351;

    F. Violations of the Texas Transportation Code, § 545.401;

    G. All other applicable standards and laws.

4

## RES IPSA LOQUITOR

15. The character of the events made the basis of this lawsuit are such that it would not ordinarily occur in the absence of negligence. In particular, Defendant's negligent hiring practices, lack of training and supervision of their employees and assigned tasks allowed heavy machinery to inflict injury on customers. Specifically, negligent safety practices in question were, at all times material to the incident made the basis of this lawsuit, under the sole management and control of Defendants.

## VICARIOUS LIABILITY

16. Defendants are liable for the torts committed by its employees during the course and scope of employment. The acts of Defendants' employee were performed while in the employment of Defendants and were within the scope of that employment or within the authority delegated to the employee.

## PREMISES LIABILITY

17. Plaintiff was an invitee on the premises in question manage, maintained, occupied, controlled, leased, operated, and/or owned by Defendants. Defendants knew, or in the exercise of ordinary care, should have known of an unreasonable dangerous condition and/or situation which posed an unreasonable risk or harm to the general public, including Plaintiff, but failed to inspect and make safe or adequately warn her of the condition and/or situation. Plaintiff was without knowledge of the dangerous condition and /or situation of the premises prior to the incident in question.

18. Plaintiff entered the Defendants' premises with Defendants' knowledge and their mutual benefit. At all times relevant, Lowe's #1727, was owned, controlled, and/or operated by the Defendants.

19. A condition and/or situation on the premises posed an unreasonable risk of harm and Defendants had the ability and authority to ensure its premises were not unreasonably dangerous for invitees.

20. Defendants had a duty to use ordinary care to ensure that the premises did not present a danger to Plaintiff. This duty includes the duty to inspect and the duty to warn or to cure.

21. Defendants had authority to ensure its premises were not unreasonably dangerous for invitees.

22. Each of the foregoing acts and/or omissions by Defendants, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages.

## GROSS NEGLIGENCE

23. Defendants were grossly negligent, as that term is understood under Texas Law, and such conduct was a proximate cause of Plaintiff's injuries and damages. Defendant's grossly negligent conduct justifies the imposition of punitive and exemplary damages both as a punishment to Defendants for Defendants allows disregard for the safety of others and as a deterrent to others from engaging in similar conduct. Plaintiff therefore asks for punitive and exemplary damages in addition to actual damages.

## DAMAGES

24. As a direct and proximate cause of the Defendants' actions, Plaintiff has incurred reasonable and necessary medical expenses, and will in all reasonable probability continue to incur additional medical expenses in the future. Plaintiff further suffered severe physical pain, mental anguish, physical impairment, loss of enjoyment of life, lost wages and loss of earning capacity. In all reasonable probability, she will continue to suffer in the aforementioned ways into the future as a direct and proximate result of the incident made the basis of this lawsuit.

## EXEMPLARY DAMAGES

25. Plaintiff seeks exemplary damages caused by Defendants' malice, gross negligence, and willful acts and/or omissions. Exemplary damages are sought under Section 41.003(a)(2) of the Texas Civil Practice and Remedies Code, as defined by Section 41.001(7). Plaintiff also seeks exemplary damages under Section 41.03(a)(3) of the Texas Civil Practice and Remedies Code as defined by Section 41.001(11).

## DEMAND FOR TRIAL BY JURY

26. Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## REQUIRED DISCLOSURE

27. Pursuant to Texas Rules of Civil Procedure 194, Defendants, unless otherwise excepted or ordered, must provide Plaintiff and all other parties, within 30 days from the date of their original appearance, the information or material described in Rule 194.2.

## STATEMENT REGARDING MONATARY RELIEF SOUGHT

28. Under of the Texas Rules of Civil Procedure 47(c), Plaintiff seeks monetary relief in excess of $1,000,000.00 including damages of any kind, penalties, costs, expenses, pre-judgement interest, and judgement for all other relief to which Plaintiff is justly entitled. Plaintiff expressly reserves the right to amend this damage calculation as discovery progresses.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, AMINATA TOURE, respectfully prays that the Defendants, LOWE'S HOME CENTERS, LLC AND LOWE'S COMPANIES, INC, be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for monetary damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury

through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the

legal rate; costs of court; and such other and further relief to which the Plaintiff may be entitled at

law or in equity.


Respectfully Submitted,




                                              Bernard & Associates Law Firm

                                              /s/ Brian Y. Bernard
                                              Brian Y. Bernard
                                              Texas Bar No. 24001728
                                              1203 Baylor
                                              Austin, Texas 78703
                                              512-478-5291
                                              512-478-9827 (fax)
                                              attorneybernard@yahoo.com

                                              Attorney for Plaintiff

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Brian Bernard on behalf of Brian Bernard
Bar No. 24001728
attorneybernard@yahoo.com
Envelope ID: 70357887
Status as of 11/28/2022 11:47 AM CST

Case Contacts

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Kim Ratliff | | ratliffkim57@gmail.com | 11/21/2022 12:16:25 PM | SENT |
| Brian Yusef Bernard | 24001728 | attorneybernard@yahoo.com | 11/21/2022 12:16:25 PM | SENT |

# EXHIBIT A-2

CITATION

THE STATE OF TEXAS

**CAUSE NO. D-1-GN-22-006727**

AMINATA TOURE

vs.                                                                          , PLAINTIFF(S)

LOWE'S HOME CENTERS, LLC AND LOWE'S COMPANIES, INC

                                                                             , DEFENDANT(S)

TO:    **LOWE'S HOME CENTERS, LLC
       211 E 7TH ST STE 620
       AUSTIN TX 78701**

Defendant, in the above styled and numbered cause:
**YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."**

Attached is a copy of the **PLAINTIFFS ORIGINAL PETITION** in the above styled and numbered cause, which was filed on **November 21, 2022** in the **419th District Court** of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, **November 29, 2022**

REQUESTED BY:
**BERNARD, BRIAN YUSEF
1203 BAYLOR ST
AUSTIN, TX 78703-4123**

Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX 78701

PREPARED BY: **Victoria Benavides**

**R E T U R N**

Came to hand on the _____ day of _____, _____ at _____ o'clock _____M., and executed at
_____ within the County of _____ on
the _____ day of _____, _____, at _____ o'clock _____M., by delivering to the within named
_____, each in person, a true copy of this citation
together with the **PLAINTIFFS ORIGINAL PETITION** accompanying pleading, having first attached such copy of such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

                                          _____
                                          Sheriff / Constable / Authorized Person

Sworn to and subscribed before me this the

                                          By:_____

_____ day of _____, _____.

                                          _____
                                          Printed Name of Server

_____
Notary Public, THE STATE OF TEXAS
D-1-GN-22-006727                          _____ County, Texas

                                          **SERVICE FEE NOT PAID**

# EXHIBIT A-3

*Smopstup9*
*12/13/2022*

CITATION
THE STATE OF TEXAS
**CAUSE NO. D-1-GN-22-006727**

AMINATA TOURE

, PLAINTIFF(S)

vs.

LOWE'S HOME CENTERS, LLC AND  LOWE S COMPANIES, INC

, DEFENDANT(S)

TO:    **LOWE'S COMPANIES, INC**
       **BY SERVING ITS REGISTERED AGENT**
       **211 E 7TH ST STE 620**
       **AUSTIN TX  78701**

Defendant, in the above styled and numbered cause:
**YOU HAVE BEEN SUED.  You may employ an attorney.  If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 A.M. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org."**

Attached is a copy of the <u>PLAINTIFFS ORIGINAL PETITION</u> in the above styled and numbered cause, which was filed on <u>November 21, 2022</u> in the <u>419th District Court</u> of Travis County, Austin, Texas.

ISSUED AND GIVEN UNDER MY HAND AND SEAL of said Court at office, <u>November 29, 2022</u>

REQUESTED BY:
**BERNARD, BRIAN YUSEF**
**1203 BAYLOR ST**
**AUSTIN, TX  78703-4123**

Velva L. Price
Travis County District Clerk
Travis County Courthouse
1000 Guadalupe, P.O. Box 679003 (78767)
Austin, TX  78701

PREPARED BY: **Victoria Benavides**

**R E T U R N**

Came to hand on the _____ day of _____, _____ at _____ o'clock ____M., and executed at

_____ within the County of _____ ____ on

the _____ day of _____, _____, at _____ o'clock ____M., by delivering to the within named

_____, each in person, a true copy of this citation

together with the <u>PLAINTIFFS ORIGINAL PETITION</u> accompanying pleading, having first attached such copy of

such citation to such copy of pleading and endorsed on such copy of citation the date of delivery.

Service Fee: $ _____

                                          _____
                                          Sheriff / Constable / Authorized Person
Sworn to and subscribed before me this the

                                          By:_____
_____ day of _____, _____.

                                          _____
                                          Printed Name of Server

_____    _____ County, Texas
Notary Public, THE STATE OF TEXAS
       **D-1-GN-22-006727**              **SERVICE FEE NOT PAID**

# EXHIBIT A-4

1/9/2023 7:49 AM
Velva L. Price
District Clerk
Travis County
D-1-GN-22-006727
Victoria Benavides

**CAUSE NO. D-1-GN-22-006727**

| | | |
|---|---|---|
| **AMINATA TOURE** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **TRAVIS COUNTY, TEXAS** |
| | § | |
| **LOWE'S HOME CENTERS, LLC** | § | |
| **AND LOWE'S COMPANIES, INC.** | § | |
| *Defendants.* | § | **419TH JUDICIAL DISTRICT** |

## <u>DEFENDANT, LOWE'S HOME CENTERS, LLC'S ORIGINAL ANSWER</u>

COMES NOW, Defendant, Lowe's Home Centers, LLC, in the above-entitled and numbered cause, and files this, its Original Answer, and in support thereof, would respectfully show the Court as follows:

### <u>GENERAL DENIAL</u>

1.     Defendant denies each and every, all and singular, of the material allegations raised in this cause of action by Plaintiff, and asserts the general denial as provided by Rule 92 of the Texas Rules of Civil Procedure and demands that strict proof be made thereof.

### <u>AFFIRMATIVE DEFENSES</u>

2.     Pleading further, and in the alternative, and by way of affirmative defense, Defendant asserts that any damages Plaintiff seeks to recover should be reduced to the extent that Plaintiff failed to take the reasonable steps that a person of ordinary prudence in a similar situation would have taken to avoid the damages claimed in this lawsuit.

3.     Pleading further, and in the alternative, and by way of affirmative defense, Defendant asserts that Plaintiff's alleged damages, if any, were solely caused by the conduct of other parties, including Plaintiff, or alternatively, that the conduct of other parties, including

1

Plaintiff, constituted an intervening cause of Plaintiff's damages. Therefore, Defendant is not liable for such damages.

4.    Pleading further, and in the alternative, Defendant hereby requests that the trier of fact in this matter, after a trial on the merits, consider and determine the percentage of responsibility of Plaintiff and any other party or responsible third-party pursuant to Chapter 33 of the Texas Civil Practice & Remedies Code.

5.    Pleading further, and in the alternative, Defendant asserts that in the event that an adverse judgment is rendered against it, Defendant respectfully requests all available credits and/or offsets as provided by the Texas Civil Practices and Remedies Code and under Texas Law.

6.    Pleading further, and in the alternative, Defendant asserts that in addition to any other limitations under law, Plaintiff's recovery of medical or health care expenses be limited to the amount actually paid or incurred by or on behalf of Plaintiff, pursuant to Section 41.0105 of the Texas Civil Practices & Remedies Code.

7.    Pleading further, and in the alternative, Plaintiff's claims, if any, for lost wages and/or loss of future earning capacity are barred, limited, restricted, and/or governed by the provisions of the Texas Civil Practice & Remedies Code Chapter 18, and any other applicable statute concerning the recovery of damages and the common law of Texas and limited same to the net loss after reduction for income tax payments or unpaid tax liability thereon. Accordingly, Defendant specifically pleads the limitations, restrictions and/or bar on the recovery by Plaintiff of such damages in accordance with Chapter 18 and other applicable law.

8.    Defendant hereby gives notice that it intends to rely upon such other defenses or denials, affirmative or otherwise, and to assert third-party claims and any other claims, as may

become available or appear during discovery as it proceeds in this matter, and hereby reserves the right to amend its Original Answer to assert such defenses.

### JURY DEMAND

9.      In accordance with Rule 216 of the Texas Rules of Civil Procedure, Defendant demands a trial by jury.

### PRAYER

WHEREFORE, Defendant, Lowe's Home Centers, LLC, after having fully answered, respectfully requests Plaintiff takes nothing by reason of her suit against Defendant, and that Defendant be allowed to recover its costs and attorney's fees; and be awarded such other and further relief, both in law and equity, as the Court may deem just and proper.

Respectfully submitted,

By: */s/ Monté L. Williams*
      Monté L. Williams
      State Bar No.: 24123580
      monte.williams@steptoe-johnson.com
      Brice P. Phillips
      State Bar No.: 24125358
      brice.phillips@steptoe-johnson.com
STEPTOE & JOHNSON PLLC
1780 Hughes Landing Boulevard, Suite 750
The Woodlands, Texas   77380
281.203.5700
281.203.5701 (facsimile)
***Attorneys for Defendant,***
***Lowe's Home Centers, LLC***

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 9th Day of January, 2022, a true and correct copy of the

foregoing instrument has been forwarded to all parties listed below via e-service, first class mail,

certified mail, return receipt requested, email and/or via facsimile:

Brian Y. Bernard                          ***Via E-service***
BERNARD & ASSOCIATES LAW FIRM
1203 Baylor
Austin, Texas 78703
attorneybernard@yahoo.com


/s/ *Monté L. Williams*
Monté L. Williams

4

**Automated Certificate of eService**

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Tracey Tarvin on behalf of Brice Phillips
Bar No. 24125358
tracey.tarvin@steptoe-johnson.com
Envelope ID: 71588791
Status as of 1/9/2023 1:21 PM CST

Associated Case Party: AMINATA TOURE

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Brian YBernard | | attorneybernard@yahoo.com | 1/9/2023 7:49:14 AM | SENT |

Associated Case Party: LOWE S COMPANIES, INC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Brice Phillips | | brice.phillips@steptoe-johnson.com | 1/9/2023 7:49:14 AM | SENT |
| Monte LWilliams | | monte.williams@steptoe-johnson.com | 1/9/2023 7:49:14 AM | SENT |

# EXHIBIT A-5

1/9/2023 7:45 AM
Velva L. Price
District Clerk
Travis County
D-1-GN-22-006727
Batool Fatima

**CAUSE NO. D-1-GN-22-006727**

| | | |
|---|---|---|
| **AMINATA TOURE** | § | **IN THE DISTRICT COURT** |
| *Plaintiff,* | § | |
| | § | |
| **v.** | § | **TRAVIS COUNTY, TEXAS** |
| | § | |
| **LOWE'S HOME CENTERS, LLC** | § | |
| **AND LOWE'S COMPANIES, INC.** | § | |
| *Defendants.* | § | **419TH JUDICIAL DISTRICT** |

### <u>DEFENDANT, LOWE'S COMPANIES, INC.'S ORIGINAL ANSWER</u>

COMES NOW, Defendant, Lowe's Companies, Inc. (*an improper party*), in the above-entitled and numbered cause, and files this, its Original Answer, and in support thereof, would respectfully show the Court as follows:

### <u>GENERAL DENIAL</u>

1.      Defendant denies each and every, all and singular, of the material allegations raised in this cause of action by Plaintiff, and asserts the general denial as provided by Rule 92 of the Texas Rules of Civil Procedure and demands that strict proof be made thereof.

### <u>VERIFIED DENIAL</u>

2.      Subject to and without waiver of the foregoing general denial, and in the alternative, Defendant Lowe's Companies, Inc. (*an improper party*),  asserts a verified denial, pursuant to Rule 93(4) of the Texas Rules of Civil Procedure, that it has any liability and/or interest in the incident that forms the basis of Plaintiff's lawsuit. Further, Defendant Lowe's Companies, Inc., denies that it is a proper party to this lawsuit and hereby challenges this Court's jurisdiction over it.

1

## SPECIAL EXCEPTIONS

3.       Defendant, Lowe's Companies, Inc., specially excepts to the Petition in that the assertion and causes of action against it are improper because Lowe's Companies, Inc. is the wrong party—not merely a misnomer for the correct party. Thus, there is a defect in the parties.

## AFFIRMATIVE DEFENSES

4.       Pleading further, and in the alternative, and by way of affirmative defense, Defendant asserts that any damages Plaintiff seeks to recover should be reduced to the extent that Plaintiff failed to take the reasonable steps that a person of ordinary prudence in a similar situation would have taken to avoid the damages claimed in this lawsuit.

5.       Pleading further, and in the alternative, and by way of affirmative defense, Defendant asserts that Plaintiff's alleged damages, if any, were solely caused by the conduct of other parties, including Plaintiff, or alternatively, that the conduct of other parties, including Plaintiff, constituted an intervening cause of Plaintiff's damages. Therefore, Defendant is not liable for such damages.

6.       Pleading further, and in the alternative, Defendant hereby requests that the trier of fact in this matter, after a trial on the merits, consider and determine the percentage of responsibility of Plaintiff and any other party or responsible third-party pursuant to Chapter 33 of the Texas Civil Practice & Remedies Code.

7.       Pleading further, and in the alternative, Defendant asserts that in the event that an adverse judgment is rendered against it, Defendant respectfully requests all available credits and/or offsets as provided by the Texas Civil Practices and Remedies Code and under Texas Law.

8.       Pleading further, and in the alternative, Defendant asserts that in addition to any other limitations under law, Plaintiff's recovery of medical or health care expenses be limited to

the amount actually paid or incurred by or on behalf of Plaintiff, pursuant to Section 41.0105 of the Texas Civil Practices & Remedies Code.

9.     Pleading further, and in the alternative, Plaintiff's claims, if any, for lost wages and/or loss of future earning capacity are barred, limited, restricted, and/or governed by the provisions of the Texas Civil Practice & Remedies Code Chapter 18, and any other applicable statute concerning the recovery of damages and the common law of Texas and limited same to the net loss after reduction for income tax payments or unpaid tax liability thereon. Accordingly, Defendant specifically pleads the limitations, restrictions and/or bar on the recovery by Plaintiff of such damages in accordance with Chapter 18 and other applicable law.

10.     Defendant hereby gives notice that it intends to rely upon such other defenses or denials, affirmative or otherwise, and to assert third-party claims and any other claims, as may become available or appear during discovery as it proceeds in this matter, and hereby reserves the right to amend its Original Answer to assert such defenses.

## JURY DEMAND

11.     In accordance with Rule 216 of the Texas Rules of Civil Procedure, Defendant demands a trial by jury.

## PRAYER

WHEREFORE, Defendant, Lowe's Companies, Inc. (*an improper party*), after having fully answered, respectfully requests that this Court grant its Special Exceptions and that Plaintiff takes nothing by reason of her suit against Defendant, and that Defendant be allowed to recover its costs and attorney's fees; and be awarded such other and further relief, both in law and equity, as the Court may deem just and proper.

Respectfully submitted,

By: */s/ Monté L. Williams*
　　　Monté L. Williams
　　　State Bar No.: 24123580
　　　monte.williams@steptoe-johnson.com
　　　Brice P. Phillips
　　　State Bar No.: 24125358
　　　brice.phillips@steptoe-johnson.com
STEPTOE & JOHNSON PLLC
1780 Hughes Landing Boulevard, Suite 750
The Woodlands, Texas　77380
281.203.5700
281.203.5701 (facsimile)
***Attorneys for Defendant,***
***Lowe's Companies, Inc.***

## CERTIFICATE OF SERVICE

I hereby certify that on the 9th Day of January, 2022, a true and correct copy of the foregoing instrument has been forwarded to all parties listed below via e-service, first class mail, certified mail, return receipt requested, email and/or via facsimile:

Brian Y. Bernard　　　　　　　　　　　***Via E-service***
BERNARD & ASSOCIATES LAW FIRM
1203 Baylor
Austin, Texas 78703
attorneybernard@yahoo.com

　　　　　　　　　　　　　　　　　/s/ *Monté L. Williams*
　　　　　　　　　　　　　　　　　Monté L. Williams

4

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Envelope ID: 71588716
Status as of 1/9/2023 1:21 PM CST

Associated Case Party: AMINATA TOURE

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Brian YBernard | | attorneybernard@yahoo.com | 1/9/2023 7:45:44 AM | SENT |

Associated Case Party: LOWE S COMPANIES, INC

| Name | BarNumber | Email | TimestampSubmitted | Status |
|------|-----------|-------|--------------------|--------|
| Brice Phillips | | brice.phillips@steptoe-johnson.com | 1/9/2023 7:45:44 AM | SENT |
| Monte LWilliams | | monte.williams@steptoe-johnson.com | 1/9/2023 7:45:44 AM | SENT |

# EXHIBIT B

**419th District Court**

## Case Summary

**Case No. D-1-GN-22-006727**

| | | | |
|---|---|---|---|
| **AMINATA TOURE vs. LOWE'S HOME CENTERS, LLC,LOWE S COMPANIES, INC** | § <br> § <br> § | Location: | **419th District Court** |
| | | Judicial Officer: | **419TH, DISTRICT COURT** |
| | | Filed on: | **11/21/2022** |

---

### Case Information

Case Type: Other Injury or Damage
Case Status: **11/21/2022  Open**

---

### Assignment Information

**Current Case Assignment**
Case Number     D-1-GN-22-006727
Court                 419th District Court
Date Assigned   11/21/2022
Judicial Officer  419TH, DISTRICT COURT

---

### Party Information

| | | |
|---|---|---|
| **Plaintiff** | **TOURE, AMINATA** | **BERNARD, BRIAN YUSEF**<br>*Retained* |
| **Defendant** | **LOWE S COMPANIES, INC** | **WILLIAMS, MONTE LEE**<br>*Retained* |
| | **LOWE'S HOME CENTERS, LLC** | **WILLIAMS, MONTE LEE**<br>*Retained* |

---

### Case Events

11/21/2022     ORIGINAL PETITION/APPLICATION (OCA)
                     *PLAINTIFFS ORIGINAL PETITION*
                     Party:  Plaintiff TOURE, AMINATA

12/19/2022     EXECUTED SERVICE
                     *EXECUTED CITATION- LOWE'S HOME CENTERS, LLC*
                     Party:   Defendant LOWE'S HOME CENTERS, LLC

12/19/2022     EXECUTED SERVICE
                     *EXECUTED CITATION- LOWE S COMPANIES, INC*
                     Party:   Defendant LOWE S COMPANIES, INC

01/09/2023     ANSWER
                     *DEFENDANT, LOWE S COMPANIES, INC. S ORIGINAL ANSWER*
                     Party:   Defendant LOWE S COMPANIES, INC

01/09/2023     ANSWER
                     *DEFENDANT, LOWES HOME CENTERS, LLC S ORIGINAL ANSWER*
                     Party:   Defendant LOWE'S HOME CENTERS, LLC

---

### Service Events

---

419th District Court
## Case Summary
**Case No. D-1-GN-22-006727**

11/29/2022    **Citation**
       LOWE'S HOME CENTERS, LLC
       Served: 12/13/2022
       LOWE S COMPANIES, INC
       Served: 12/13/2022

Printed on 01/10/2023 at 4:58 PM